UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Barton Mark Perlbinder

Debtor.
-------------------------------------------------------X

Case No.: 8-25-73317-ast

Chapter 11

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND DIRECTING THE FORM AND MANNER OF NOTICE

**IT IS HEREBY ORDERED THAT** pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), and good and sufficient cause appearing therefor, the Court hereby fixes a deadline and establishes procedures for filing proofs of claim, and directs the form and manner of service thereof; and it is further

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") against the Debtor(s), which arose prior to the filing of the Chapter 11 petition on [Petition Date] (the "Filing Date"), shall file a proof of claim in writing so that it is received on or before **November 6, 2025** (the "Bar Date"); and it is further;

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **February 24, 2026**, (the date that is 180 days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a)  Proofs of claim must conform substantially to Official Bankruptcy Form No. 10;

(b)  Attorneys (with full access accounts) and employees of institutional creditors (with limited access account) shall file proofs of claim electronically on the Court's Case Management/Electronic Case file ("CM/ECF") system.  Those

   without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722; Those without accounts to CM/ECF system can also file proofs of claim electronically at www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc by selecting "File a Claim." This application does not require a login and password.

(c)  Proofs of claim shall be deemed timely filed only when <u>received</u> by the Clerk of the Court on or before the Bar Date;

(d)  Proofs of claim shall be (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); and (iii) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)  Any person or entity that has already properly filed a proof of claim against the Debtor(s) in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York utilizing a claim form which substantially conforms to Official Form 10;

(b)  Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor(s) (as may be amended), if (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated"; <u>and</u> (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c)  Any holder of a claim that has already been allowed in this case by order of the Court;

(d)  Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e)  Any holder of a claim allowable under §§ 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of this estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the Order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is **sixty (60) days** after the date of the Order authorizing such rejection, and any person or entity that holds a claim that arises from

the rejection of an executory contract or unexpired lease, as to which an Order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable Order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor(s) need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor(s) (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if the Schedules are amended or supplemented after the date of this Order, the Debtor(s) shall give notice of any such amendment or supplement to the holders of claims amended thereby, and holders of such claims shall have **sixty (60) days** from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor(s) or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claims that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date, substantially in the form set forth in Administrative Order 556 of the United States Bankruptcy Court for the Eastern District of New York, shall be deemed adequate and sufficient if served by first-class mail with a copy of this Order by no later than **five (5) days** after entry of this Order, upon the following:

(a) the United States Trustee;

(b) counsel to each official committee;

(c) all persons or entities that have filed a Notice of Appearance to date;

(d) all persons or entities that have filed claims against the Debtor(s);

(e) all creditors and other known holders of claims against the Debtor(s) as of the date of this Order, including all persons listed on the Schedules;

(f) all parties to executory contracts and unexpired leases of the Debtor(s);

(g) all parties to litigation with the Debtor(s);

(h) the Internal Revenue Service for the district in which the case is pending; and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(i) such additional persons and entities as deemed appropriate by the Debtor(s), and it is further

**ORDERED**, that the Court authorizes and empowers the Debtor(s) to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the Debtor(s) to seek a further Order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file proofs of claim or interest or be barred from doing so.

Dated: September 29, 2025
Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge