UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

BARTON MARK PERLBINDER,

Debtor.

Chapter 11

Case No. 25-73317-spg

-----------------------------------------------------------------x

REPLACEMENT ASSOCIATES, LLC,

Plaintiff,

Adv. Pro. No. 25-08094-spg

v.

210 EAST 86TH STREET CORP.; BARTON MARK PERLBINDER; MUFFY FLOURET as Trustee of the Muffy Flouret 2012 Family Trust and as Trustee of the Mark Perlbinder 2023 Irrevocable Trust; STEPHEN PERLBINDER; ASTRID SABELLAROSA as Trustee of the Article 4 Trust under ASR 2020 Family Trust and as Trustee of the Stephen Perlbinder 2016 Family Trust F/B/O Astrid Sabellarosa; ANDREA JO STEIN, as Trustee of the Article 4 Trust Under AJS 2020 Family Trust and as Trustee of the Stephen Perlbinder 2016 Trust F/B/O Andrea Jo Stein,

Defendants.

-----------------------------------------------------------------x

BARTON MARK PERLBINDER,

Plaintiff,

Adv. Pro. No. 25-08098-spg

v.

MUFFY FLOURET, Solely in her capacity as Trustee of the Mark Perlbinder 2023 Irrevocable Trust; MUFFY FLOURET, Solely in her capacity as Trustee of the Mark Perlbinder 2023 Investment Trust; and XAVIER FLOURET, Solely in his capacity as Trustee of the BMDGP 2023 Trust,

Defendants.

-----------------------------------------------------------------x

-----------------------------------------------------------------x
REPLACEMENT ASSOCIATES, LLC,

Plaintiff, Adv. Pro. No. 25-08101-spg

v.

BARTON MARK PERLBINDER,

Defendant.
-----------------------------------------------------------------x
ALBERT SHEELER,

Plaintiff, Adv. Pro. No. 26-08006-spg

v.

BARTON MARK PERLBINDER,

Defendant.
-----------------------------------------------------------------x

**ORDER: (I) SUSPENDING ALL PROCEEDINGS FOR A FINITE PERIOD PURSUANT TO 11 U.S.C. §§ 105 AND 305(a); AND (II) PROVIDING RELATED RELIEF**

Upon the motion [ECF No. 14] (the "Motion")[1] filed September 22, 2025, of Muffy Flouret, as Trustee of the Mark Perlbinder 2023 Irrevocable Trust (the "Trustee"), seeking dismissal of the chapter 11 bankruptcy case of Barton Mark Perlbinder (the "Debtor") for cause pursuant to 11 U.S.C. § 1112(b), and/or under principles of abstention pursuant to 11 U.S.C. § 305(a); and upon the joinders to the Motion (collectively, the "Joinders") filed: (i) on October 14, 2025 [ECF No. 30] by Dara Perlbinder; (ii) on January 5, 2026 [ECF No. 66] by Stephen Perlbinder; Astrid Sabellarosa, as Trustee of the Julius Perlbinder Family Trust, the Article 4 Trust Under ASR 2020 Family Trust, and the Stephen Perlbinder 2016 Family Trust F/B/O Astrid Sabellarosa; Andrea Jo Stein as Trustee of the Article 4 Trust Under AJS 2020

[1] Unless otherwise specified herein, references to numbered CM/ECF entries shall be with respect to the docket of the above-captioned main bankruptcy proceeding [Case No. 25-73317-spg].

Family Trust and Stephen Perlbinder 2016 Trust F/B/O Andrea Jo Stein; and the ASR 2020 Family Trust and AJS 2020 Family Trust; and (iii) on January 21, 2026 [ECF No. 78] by William West and Joyce West; Jane West; and Stacy West Clark, as Trustees of the Non-Exempt Marital Trust F/B/O Joyce West (collectively, the "Joinder Parties"); and upon the objections to Motion (collectively, the "Objections") filed: (i) on October 15, 2025 [ECF No. 32] by the Board of Managers of 411 East 53rd Street Condominium (the "Board of Managers"); and (ii) on October 15, 2025 [ECF No. 34] by the Debtor (collectively, the "Objecting Parties"); and upon the responsive papers filed in supplement to the Motion, the Joinders, and the Objections, as applicable, including (collectively, the "Supplemental Papers"): (i) the Trustee's reply [ECF No. 38] filed October 19, 2025; (ii) the Board of Managers' supplemental objection [ECF No. 71] filed January 16, 2026; (iii) the Trustee's statement [ECF No. 72] filed January 16, 2026; and (iv) the Debtor's supplemental objection [ECF No. 73] filed January 16, 2026; and oral argument on the Motion having been held January 30, 2026 ("Oral Argument"), the transcript of which is incorporated herein by reference; and arguments in support of the Motion having been interposed during Oral Argument by the Trustee, the Joinder Parties, Rosenberg & Estis, P.C., and the Office of the United States Trustee (the "U.S. Trustee"); and arguments in opposition to the Motion having been interposed during Oral Argument by the Objecting Parties and Replacement Associates, LLC; and the Court having carefully reviewed the Motion, the Joinders, the Objections, the Supplemental Papers, and all of the exhibits thereto; and the Court having thoughtfully considered the statements and arguments interposed during Oral Argument; and upon all prior proceedings had herein; and upon the letter by counsel to the Trustee, filed February 2, 2026 [ECF No. 91], providing notice of a hearing on February 9, 2026 at 11:00 a.m. (ET) (the "Hearing"); and the Hearing having been held, the transcript of which is incorporated herein by

reference; and the Court having read into the record at the Hearing the Court's oral ruling with respect to that portion of the Motion requesting this Court to abstain under 11 U.S.C. § 305(a)[2]; and the Court having found that, for the reasons articulated by the Court at the Hearing, sufficient grounds exist to abstain and suspend all of the above-captioned proceedings for a finite period pursuant to 11 U.S.C. §§ 105 and 305(a)(1); therefore, it is

**ORDERED,** that all of the above-captioned proceedings are hereby **SUSPENDED** for a finite period, commencing with the date of entry of this Order (this "Suspension Order") and running through September 16, 2026 (the "Suspension Period"), as set forth herein pursuant to 11 U.S.C. §§ 105 and 305(a); and it is further

**ORDERED,** that the provisions of this Suspension Order shall be immediately effective as of the date of its entry (the "Suspension Date"); and it is further

**ORDERED,** that the provisions of this Suspension Order shall remain in full force and effect subject to a status hearing to be held on **September 16, 2026 at 2:30 p.m. (ET)** (the "Status Hearing"), at which time the Court will consider whether to dismiss the chapter 11 case, reactivate all proceedings, or continue the suspension for another finite period[3]; and it is further

**ORDERED,** that all interested parties are accorded the opportunity to file and serve written status reports regarding developments in the state court proceedings relevant to this chapter 11 case (each, a "Status Report"). All Status Reports shall be filed no later than seven (7) days before the Status Hearing on the docket of the above-captioned main bankruptcy proceeding and served by e-mail, if known, or otherwise by first-class mail on (collectively, the "Notice Parties"): (i) the Debtor and his counsel of record; (ii) the Trustee and her counsel of record; (iii) the U.S. Trustee;

---

[2] The Court's oral ruling at the Hearing will be followed by a written memorandum opinion.

[3] The Court shall reserve any ruling with respect to that portion of the Motion seeking dismissal for cause under 11 U.S.C. § 1112(b) until after the Status Hearing.

(iv) all parties to the above-captioned adversary proceedings and their counsel of record; (v) all known secured and unsecured creditors of the Debtor; and (vi) any party that has requested notice in the main chapter 11 case and/or any of the above-captioned adversary proceedings pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED,** that the following shall apply during the Suspension Period:

1. The above-captioned main bankruptcy proceeding [Case No. 25-73317-spg] shall be considered and treated in all respects as if it were dismissed pending the Status Hearing. Parties may proceed forward with their state court proceedings related to this case without need to seek relief from the automatic stay;

2. The following adversary proceedings commenced in this Court shall be held in abeyance during the Suspension Period: (i) the avoidance action commenced by the Debtor [Adv. Pro. No. 25-08098-spg]; (ii) the non-dischargeability action commenced by Albert Sheeler [Adv. Pro. No. 26-08006-spg]; and (iii) the adversary proceeding commenced by Replacement Associates, LLC against the Debtor [Adv. Pro. No. 25-08101-spg]. Nothing in this Suspension Order shall be construed as time-barring any causes of action asserted in these adversary proceedings in the event they are later reactivated after the Status Hearing;

3. The adversary proceeding removed to this Court by Replacement Associates, LLC [Adv. Pro. No. 25-08094-spg] shall return to the state court from which it was removed as if it had not been removed. The parties to this adversary proceeding need not seek relief from the automatic stay, and if

the Debtor's main bankruptcy proceeding is reactivated after the Status Hearing, the parties may remove the action to this Court subject to all parties' rights, remedies and defenses under applicable law, including but not limited to the right to seek abstention and remand;

4. All deadlines pending in the above-captioned adversary proceedings are stayed as of **February 9, 2026**, the date of the Hearing;

5. With respect to professional fees and other administrative expense claims unique to this bankruptcy case, those parties may file after the Suspension Period applications for allowance of compensation and reimbursement of expenses for the period of August 28, 2025 (the "Petition Date") through and including the Suspension Date. The Court shall set a deadline for such applications after the Status Hearing;

6. U.S. Trustee fees shall be due and payable for the period of the Petition Date through the Suspension Date on or before the deadline that would have existed absent abstention and suspension; and

7. Claims timely filed against the Debtor's estate shall be considered timely filed if the chapter 11 case is reactivated after the Status Hearing, with the rights of all parties preserved with respect to those claims; and it is further

**ORDERED,** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Suspension Order; and it is further

**ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Suspension Order; and it is further

**ORDERED,** that no later than **February 13, 2026**, counsel for the Debtor shall cause a copy of this Suspension Order to be served by e-mail, if known, or otherwise by first-class mail upon the Notice Parties. On or before **February 17, 2026**, counsel for the Debtor shall file proof of such service with the Court.

**Dated: Central Islip, New York**
**February 11, 2026**

Sheryl P. Giugliano
United States Bankruptcy Judge